**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:17-cv-00405-JMH**

*ELECTRONICALLY FILED*

| | |
|---|---|
| ALI SAWAF, Individually, and as the Administrator of the Estate of MARK S. SAWAF, Deceased | PLAINTIFF, |
| v.  Memorandum of Law in Support of Defendants', Lexington Fayette Urban County Government, Matt Greathouse, Individually and Clayton Roberts, Individually, Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(1), 12(b)(6) and/or 12(c) | |
| **LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, BRAD DOBRZYNSKI, Individually, MATT GREATHOUSE, Individually, CLAYTON ROBERTS, Individually; and UNKNOWN DEFENDANTS** | DEFENDANTS. |

***** ***** *****

Come the Defendants, the Lexington Fayette Urban County Government (hereinafter "LFUCG"), Matt Greathouse, individually and Clayton Roberts, individually, and for their Memorandum of Law in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), state as follows:

On October 17, 2017, Plaintiff filed a 27 page "verified" Complaint which included 166 paragraphs and eleven (11) separate counts against the LFUCG, two of its police officers and one of its paramedics. Plaintiff alleges that Defendant LFUCG employed Defendants Greathouse and Roberts as Police Officers who, during the relevant time period, "assisted agents from the Bureau of Alcohol Tobacco and Firearms (hereinafter "ATF") with a special detail in Harlan County, Ky. which included members of multiple agencies including the ATF, the Kentucky State Police and the Lexington Police and Fire Departments as part of a task force. (par. 10, 12,

12, 17 and 18). Plaintiff's Complaint does not explain how his son came to be involved with this task force.

Plaintiff alleges that on August 11, 2016, Defendant Dobrzynski shot Mark Sawaf while he "lay on the ground on his left side in a fetal position, with his hands cuffed in front of him and those cuffs further attached to a belly chain which was secured around his waist."(par. 31). Plaintiff alleged that photographs taken at the scene depicted, "the handcuffed hands of Mark S. Sawaf cupped around the top of Defendant Greathouse's holstered pistol as Defendant Greathouse knelt by the body" of Sawaf. (par. 36). Plaintiff alleges that Defendants Greathouse and Roberts "stood at the scene for approximately the next twenty minutes and did nothing to render aid to Mark S. Sawaf as he clung to life and struggled to breath." (par. 40). Plaintiff alleges that Defendants Greathouse and Roberts did not divulge the existence of photos allegedly taken at the scene to KSP investigators" and that they "left the area without formally notifying any of the investigating officers."(par. 64 and 65). Plaintiff alleges that Defendant Roberts, "was opposed to allowing the cell phone to be taken from Defendant Dobrzynski." (Par. 69). The only "factual" allegation against the Defendant LFUCG was that, "The officers of the Lexington Police Department as well as employees of the LFUCG have a history of both not rendering aid to civilians when necessary as well as not contacting the coroner immediately, therefore the LFUCG should have been aware of that problem" and cited *Southworth v. LFUCG*, Fayette Circuit Case No. 11-CI-02998, without any explanation for how that case is relevant to the issues in this case.

Plaintiff alleges that Defendants Greathouse and Roberts "deprived him of his constitutional rights guaranteed by the 6th and 14th Amendments of the Constitution of the United States and protected by U.S. C. Section 1983" as a result of being denied the right to have

his counsel present. (Count I); that Defendants Greathouse and Roberts, "by their conduct and acting under color of law", acted with malicious intent or at least deliberate indifference in failing to protect Mark S. Sawaf from abuse while in police custody as well as subjecting him to cruel and unusual punishment " which deprived him of his rights as guaranteed by the eighth and fourteenth Amendments to the Constitution of the United States, Section 17 of the Kentucky Constitution and protected by U.S. C. Section 1983" (Count III); that Defendants', Greathouse and Roberts, conduct permanently deprived Mark S. Sawaf of his life and liberty without due process of law in violation of Section I of the Kentucky constitution, Amendments Five and Fourteen of the United State Constitution and 42 USC Section 1983" (Count IV); and, that Defendant Roberts , "Acting under color of state law and pursuant to official policy, practice or custom" failed to instruct and supervise Defendants Dobrzynski and Greathouse which deprived Mark S. Sawaf of his constitutional rights guaranteed by "the various provisions of the United States Constitutions and protected by USC Section 1983" (Count V). Plaintiff's only allegation against the Defendant LFUCG is in Count VI where he alleges that the LFUCG failed to properly train Defendants Dobrzynski and that its "policies, customs, patterns, practices, and/or failure to act directly" "resulted in deprivation of Mark S. Sawaf's state and constitutional rights as well as his death."

Plaintiff also asserts state laws claims against all "Defendants" for "compensatory damages" (Count VIII), "loss of filial consortium" (Count IX), negligence (Count X) and "wrongful death" pursuant to KRS 411.130 (Count XI). .

A Motion to dismiss for failure to state a claim is properly granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief.[1] Because it is beyond doubt that the Plaintiff cannot prove the claims he has asserted against these Defendants and/or that the allegations in his Complaint are insufficient as a matter of law to support those claims, Defendants Roberts, Greathouse and the LFUCG respectfully request this Court to DISMISS Plaintiff's Complaint in its entirety

**ARGUMENT**

Plaintiff seeks redress for the death of his son pursuant to 42 U.S.C. § 1983 which authorizes a private right of action to enforce federal constitutional rights against defendants who were acting under color of state law. That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Counts I, II, III, IV, V, and VI of Plaintiff's Complaint allege 42 USC §1983 liability based on violations of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. However, Plaintiff's Complaint alleges no "facts" on which he can establish liability on the part of Defendants for such violations.

In Count I, Plaintiff alleges that Greathouse and Roberts deprived Mark Sawaf of his Sixth Amendment right to counsel. The Sixth Amendment to the United States Constitution guarantees a Defendant the right to have counsel present at all critical stages of a criminal proceeding.[2] However, Plaintiff has not alleged any facts that Mark Sawaf was involved in any criminal proceeding during the events described in his Complaint and more importantly, that Greathouse and/or Roberts had any involvement in any such criminal proceeding. It is beyond doubt that Greathouse and Roberts cannot be liable for violating Mark Sawaf's Sixth Amendment Rights if

---

[1] *Bryode v. Gotham Tower, Inc*. 13 F. 3d 994, 996-997 (6th Cir.1994)
[2] *Montejo v. Louisiana*, 556 U.S. 778 (2009)

4

they had no involvement with his participation in the events described in Plaintiff's Complaint. Since Plaintiff has failed to allege any facts that would support his Sixth Amendment violation claims, those claims should be dismissed for Plaintiff's failure to state a cause of action against Greathouse and Roberts upon which relief may be granted.

In Counts II, III, IV, V, and VI of his Complaint, Plaintiff alleges that Greathouse, Roberts and/or the LFUCG violated Mark Sawaf's Fourth, Eighth, Fifth and Fourteenth Amendment Rights. Whether the Fourth, Eighth, or Fourteenth Amendments applies in a 42 U.S.C. §1983 action depends on the status of the plaintiff at the time of the incident giving rise to the action, i.e., whether he was a free citizen, a convicted prisoner, or in some grey area between the two.[3] The Eighth Amendment ban on cruel and unusual punishment only bars excessive force against convicted persons.[4] The Fourth Amendment prohibition against unreasonable seizures bars excessive force against free citizens.[5] The Fourteenth Amendment's due process clause is only applicable when an individual is neither a convicted prisoner nor a free citizen. *Id.* Although Plaintiff alleges that his son was in handcuffs during the events described in his Complaint, he fails to allege any facts to establish Mark Sawaf's status at that time and more importantly, the involvement of Roberts, Greathouse and/or the LFUCG with that status. He has not alleged that he was arrested by any of the Defendants or that he was in the custody of the Defendants. At most, Plaintiff's Complaint merely alleges that Defendants Greathouse and Roberts were part of a task force and were present when Dobrzynski shot his son and either failed to intervene on his behalf or failed to train and supervise others which led to their failure to intervene. These factual allegations, even if true, do not establish liability on the part of Greathouse and Roberts pursuant to 42 U.S.C. §1983. Since any violation of Mark S. Sawaf's U.S. Constitutional Rights depends

---

[3] *Burgess v. Fischer*, 735 F. 3d 462, 472 (6th Cir. 2013)
[4] *Id*. and *Whitley v. Albers*, 475 U.S. 312, 318-319 (1986)
[5] *Burgess v. Fischer*, 735 F. 3d at p. 472 citing *Graham v. Connor*, 490 U.S. 386, 393-394 (1989)

5

on his status at the time of the events described in Plaintiff's Complaint and Defendants' involvement with that status and Plaintiff's Complaint fails to allege any facts about that status, Plaintiff has failed to state any cause of action against Defendants Roberts, Greathouse and the LFUCG upon which relief may be granted. Therefore those claims should be DISMISSED.

Plaintiff alleges that Defendants are liable for compensatory damages due to the wrongful death of his son because they violated various sections of the Kentucky Constitution. However, the Kentucky General Assembly has not authorized a private right of action for state constitutional violations similar to 42 U.S. C. §1983 and the Kentucky Supreme Court has declined to create a new tort for money damages for violations of the Ky. Constitution. Since Plaintiff has no private cause of action based on alleged violations of the Ky. Constitution, Plaintiff's claims in Counts III and IV of his Complaint should be DISMISSED for failure to state causes of action upon which relief may be granted.

In Count IX of his Complaint, Plaintiff alleges a state law claim for "loss of filial consortium". He fails to state the age of his son, Mark Sawaf, at the time of his death but based on the other allegations in the Complaint, it appears that Mark Sawaf was not a minor at the time of those events. KRS 411.135 provides a cause of action to parents for loss of consortium in wrongful death cases in which the decedent is a minor child of those parents at the time of death. However, there is no such cause of action if the decedent child is not a minor.[6] Since Ky. does not recognize a cause of action for "loss of filial consortium" due the death of an adult child, Plaintiff has either failed to allege sufficient facts to support his "loss of filial consortium" claim or has failed to state a claim for "loss of filial consortium" upon which relief may be granted. Therefore, Count IX of his Complaint should be dismissed.

---

[6] *In re Air Crash of Lexington, Ky*. 556 F. Supp. 2d 665, 674-675 (E.D. Ky. 2008)

In Count X of his Complaint, Plaintiff alleges negligence against the LFUCG. However, the LFUCG is immune from suit for allegations of negligence on the basis of sovereign immunity.[7] Since it is beyond doubt that Plaintiff can prove no set of facts in support of his negligence claim against Defendant LFUCG, that allegation should be DISMISSED.

Defendant Dobrzynski has filed a separate Motion to Dismiss establishing that Plaintiff's Complaint fails to allege sufficient facts to support his 42 U.S. C. §1983 claims because Dobrzynski was not a state actor at the time of the events described in the Complaint. He has also established that Plaintiff's exclusive remedy for his claims for personal injury or death or resulting from negligent or wrongful acts of omissions of any employee of the federal government is through the FTCA and that Plaintiff has failed to exhaust his administrative remedies under the FTCA thereby depriving this Court of jurisdiction over those claims. These same arguments apply to these Defendants who adopt by reference the arguments set forth in Dobrzynski's Motion to Dismiss as further support for their Motion to Dismiss.

Wherefore, for the reasons set forth in this Motion and Defendant Dobrzynski's Motion to Dismiss, the Court is respectfully requested to DISMISS Plaintiff's Complaint.

Respectfully submitted,

**KRIZ, JENKINS, PREWITT & JONES, P.S.C.**
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, KY 40588
Telephone: (859) 255-6885, Ext. 114
Facsimile: 859-253-9709
Email: bkriz@kjpjlaw.com

/s/Barbara A. Kriz
**BARBARA A. KRIZ**
*Counsel for Defendants, LFUCG,*
*Matt Greathouse and Clayton Roberts*

---

[7] *LFUCG v. Smolcic,* 142 S.W. 3d 128, 132 (Ky. 2004)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served on the **1st** day of **December, 2017**, using the CM/ECF system, to counsel of record named below:

Douglas E. Asher, II
Asher Law Office
P.O. Box 1466
Harlan, KY 40831
asherlaw39@yahoo.com
*Counsel for Plaintiff*

Charles D. Cole
L. Scott Miller
Sturgill Turner, Barker & Moloney, PLLC
333 West Vine Street, Ste. 1500
Lexington, Kentucky 40507
ccole@sturgillturner.com
smiller@sturgillturner.com
*Counsel for Defendant, Brad Dobrzynski*

/s/Barbara A. Kriz
BARBARA A. KRIZ
*Counsel for Defendants, LFUCG,*
*Matt Greathouse and Clayton Roberts*