UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
NO. 5:17-CV-00405-JMH

*-Electronically Filed-*

| | |
|---|---|
| ALI SAWAF, Individually, and as the Administrator of the Estate of MARK S. SAWAF, Deceased<br>         Plaintiffs<br>v.<br><br>LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT; BRAD DOBRZYNSKI; MATT GREATHOUSE; CLAYTON ROBERTS; and UNKNOWN EMPLOYEES of the LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT DIVISION of POLICE and FIRE DEPARTMENT/PUBLIC SAFETY<br>         Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS BY DEFENDANT BRAD DOBRZYNSKI

COMES NOW Defendant Captain Brad Dobrzynski, in his individual capacity, by and through counsel, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and respectfully files this memorandum in support of his Rule 12(b)(1) Motion to Dismiss.

### **INTRODUCTION**

The administrator of the Sawaf's estate filed this lawsuit against Captain Dobrzynski for alleged violations of the Sixth Amendment, Fourth Amendment, Eighth Amendment, Fifth Amendment of the United States Constitution and, Section 17 and Section 1 of the Kentucky Constitution, Paramedic Malpractice, Compensatory Damages, Loss of Filial Consortium,

Negligence, and Wrongful Death. For the reasons stated below, all of these claims fail and or should otherwise be dismissed based on the exclusive remedy and requirement to exhaust administrative remedies under the Federal Tort Claims Act (FTCA) and because any claims under 42 U.S.C. § 1983 are inapplicable.

Defendants LFUCG, Roberts and Greathouse have also filed a separate Motion to Dismiss on alternative grounds. Captain Dobrzynski believes dismissal is appropriate for the reasons to be explained herein, but to the extent necessary Captain Dobrzynski hereby adopts and incorporates by reference the alternative grounds to dismiss asserted by his Co-Defendants to avoid burdening the record by separately repeating those arguments.

## STATEMENT OF CASE

The Complaint filed by the Plaintiff consists of 166 paragraphs of allegations that includes numerous recounting of the events that are uncontested for purposes of Defendant Dobrzynski's present Motion. On August 11, 2016, Officers from Lexington Fayette County Urban Government (LFUCG), including Captain Dobrzynski participated in an operation in Harlan County. Captain Dobrzynski was assigned to the Lexington Hazardous Devices Unit that participated in the operation as part of an ATF Task Force. (*See* Compl., DE 1, ¶¶ 17-21). During the operation around 6:45 pm, Sawaf was being escorted up a mountain. (*See* Compl., DE 1, ¶ 75). It is undisputed that Sawaf hands were cuffed in the front and those cuffs were attached to a belly chain that was secured around his waist throughout the entire operation. (*See* Compl., DE 1, ¶ 31). Obviously, he was secured in such a manner that would allow him to maneuver successfully throughout the mountains during the operation. While being escorted up the mountain, Sawaf attempted to grab the holstered weapon of another Defendant Matt Greathouse. (*See* Compl., DE 1, ¶ 75). Dobrzynski then observed Defendant Greathouse

attempting to retain his weapon. (*See* Compl., DE 1, ¶ 76). It was then that an altercation ensued and ATF Agent Todd Tremain joined-in to assist by delivering strikes to Sawaf and during this altercation, Defendant Greathouse yelled for Captain Dobrzynski to "shoot" Sawaf. (*See* Compl., DE 1, ¶ 77). At that point, Captain Dobrzynski shot Sawaf in the head. (*See* Compl., DE 1, ¶ 78). Moments after the shooting, ATF Medic Bobbich arrived and began life saving procedures. (*See* Compl., DE 1, ¶ 82)[1]. According to the timeline of events kept by ATF Agent Russell King, approximately 20 minutes expired before Bobbich began treating Sawaf. (*See* Compl., DE 1, ¶ 83). Plaintiff's Complaint includes no "facts" to explain how this task force, which he alleges included Defendants Greathouse and Roberts, came to be involved with his son, Mark S. Sawaf.

## RULE 12(b)(1) STANDARD

Plaintiffs bear the burden of pleading and establish jurisdiction. See Fed. R. Civ. P. 8(a)(1); *see also Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Unlike the Rule 12(b)(6) analysis, this court is further "empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Id.*

## ARGUMENT

**I.   Other than alleged federal constitutional violations, dismissal of all other Kentucky common law tort claims against Captain Dobrzynski is appropriate based on the FTCA exclusive remedy and for failure to exhaust administrative remedies.**

Plaintiff's Complaint alleges that the events at issue here, including the actions of Captain Dobrzynski, occurred while on "special detail" to and as "part of" a federal ATF "task force." *See* DE 1, Par. 17-22. Given Plaintiff's allegations, Captain Dobrzynski qualifies as a federal employee for FTCA purposes despite his employment with LFUCG. The FTCA defines

---

[1] DE 1, Paragraphs 75-78 above refer to statements made to the KSP investigator by Captain Dobrzynski. Since they are relied upon in the complaint to establish the Plaintiff's case and they are uncontradicted they should be considered as factually accurate for purposes of a Rule 12(b)(6) motion.

"employee of the government" to include "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. State and local government employees may be "assigned to a Federal agency[.]" 5 U.S.C. § 3374(a). "During the period of assignment, a State or local government employee on detail to a Federal agency ... is deemed an employee of the agency for the purpose of ... the Federal Tort Claims Act and any other Federal tort liability statute[.]" *Id.* § 3374(c).

For "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government," the "remedy against the United States" provided by the FTCA is "exclusive." *See* 28 U.S.C. § 2679(b)(1); *see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990)("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). When the FTCA and its exclusive remedy applies, suit against the federal actor (as opposed to the United States) fails for lack of jurisdiction, which is subject to dismissal under Rule 12(b)(1). *See Allgeier*, 909 F.2d at 871 ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."); *Galvin*, 860 F.2d at 183 ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").[2]

---

[2] The federal employee must be "acting within the scope of his office or employment" to come within the Section 2679(b)(1) exclusive remedy protection. If the scope of employment requirement is at issue, the employee can request certification from the Attorney General. *See* 28 U.S.C. § 2679(d). Certification is unnecessary in this case, however, because Plaintiff's Complaint alleges and does not dispute that Defendants, including Captain Dobrzynski, were acting within the scope of their employment. If the scope of employment has been pleaded, lack of subject matter jurisdiction is sufficiently "evident" to grant dismissal without certification. *See Webb v. Smith*, 632 F. App'x 957, 960 (10th Cir. 2015)("Mr. Webb also argues that the Attorney General never certified that the defendants were

The FTCA also has an administrative exhaustion requirement. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Failure to satisfy FTCA administrative exhaustion likewise deprives this Court of jurisdiction and is subject to Rule 12(b)(1) dismissal. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002)(explaining how jurisdiction is lacking where FTCA administrative remedies have not been exhausted); *Bangas v. Potter*, 145 F. App'x 139, 142 (6th Cir. 2005)(same). The burden is on Plaintiff, moreover, to plead and establish that this Court has jurisdiction over the action. *See* Fed. R. Civ. P. 8(a)(1). However, the jurisdictional allegations within Plaintiff's Complaint are deficient because FTCA administrative exhaustion has not been pled. *See*, *e.g.*, *Slate v. District of Columbia*, 79 F. Supp. 3d 225, 233 (D.D.C. 2015)(explaining how "plaintiff must plead grounds for the Court's jurisdiction, *see* Fed.R.Civ.P. 8(a)(1), and thus in an FTCA case a plaintiff must plead administrative exhaustion").

Based on the law and precedent above, dismissal of all Kentucky common law torts asserted against Captain Dobrzynski should be granted based on the FTCA Section 2679(b)(1) exclusive remedy. To the extent that remedy against the United States may be pursued under the FTCA, dismissal is appropriate due to Plaintiff's failure to plead and establish exhaustion of administrative remedies as required by 28 U.S.C. § 2675(a). Plaintiff's other claims against Captain Dobrzynski for alleged federal constitutional violations come within an exception to the

---

acting in the scope of their employment. But Mr. Webb pleaded that all defendants were federal employees …. As a result, the absence of subject-matter jurisdiction was evident from the complaint, with or without certification by the Attorney General.").

FTCA exclusive remedy. *See* 28 U.S.C. § 2675(b)(2)(A). Those federal constitutional claims, however, are subject to dismissal based on an alternative, independent ground, which is further discussed in the next argument section.

II. **Dismissal of any claims Captain Dobrzynski for alleged federal constitutional violations is appropriate because Plaintiffs purport to invoke 42 U.S.C. § 1983 to hold him liable, which only applies to persons acting under color of state law and is accordingly inapplicable to Captain Dobrzynski who was acting in the capacity of a federal official in this case.**

Section 1983 authorizes a private right of action to enforce federal constitutional rights against defendants who were acting under color of state law. That federal statute specifically provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Whether the defendant acted under color of state law is an essential element of a Section 1983 claim. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

The Section 1983 under color of state law requirement, however, does not extend to actions taken by federal officials, who are more accurately acting under color of federal authority. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006). Relief against federal officers for federal constitutional violations can only be pursued through an implied right of action as recognized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs' Complaint, however, improperly invokes Section 1983 and is not in the nature of a *Bivens* action. The distinction also has significance. For example, Section 1988 authorizes the recovery of attorneys' fees for successful Section 1983 claims, which Plaintiffs' Complaint seeks

to recover. Yet Section 1988 does not authorize attorneys' fee awards for *Bivens* actions. *See Hall v. United States*, 773 F.2d 703, 707 (6th Cir. 1985)("Section 1988 does not provide for awards of attorney fees in *Bivens* actions.").

For these reasons, Plaintiff's attempt to invoke Section 1983 to hold Captain Dobrzynski liable for alleged federal constitutional violations should be dismissed as improper and this Court has no obligation to salvage Plaintiff's lawsuit by converting or recharacterizing those claims. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003)("Mitchell did not allege a *Bivens* claim in *Mitchell Id;* rather, he averred claims pursuant to Section 1983. There lacks any authority in support of Mitchell's blanket proposition that a court must convert a Section 1983 claim asserted against federal officials to one asserting *Bivens* violations.").

## **CONCLUSION**

Defendants should all be dismissed based upon the Complaints factual allegation that they were participating in a federal task force. Furthermore, Defendants LFUCG, Roberts and Greathouse also filed a separate Motion to Dismiss, which Captain Dobrzynski hereby adopts and incorporates by reference any and all applicable arguments set forth in their Motion to Dismiss. For the reasons set forth above as well as the reasoning relied upon in the Motion to Dismiss filed by Defendants LFUCG, Roberts, and Greathouse, the Plaintiffs' claims should be dismissed.

    Respectfully submitted,

    STURGILL, TURNER, BARKER
    & MOLONEY, PLLC

    /s/ L. Scott Miller
    CHARLES D. COLE
    L. SCOTT MILLER
    333 West Vine Street, Suite 1500
    Lexington, KY 40507
    (859) 255-8581

ccole@sturgillturner.com
smiller@sturgillturner.com
ATTORNEYS FOR DEFENDANT,
BRAD DOBRZYNSKI

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and served on counsel of record via the CM/ECF system.

/s/ L. Scott Miller
ATTORNEY FOR DEFENDANT,
BRAD DOBRZYNSKI

x:\wdox\clients\65712\0001\pleading\00901492.docx