**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:17-cv-00405-JMH**

*ELECTRONICALLY FILED*

**ALI SAWAF, Individually,**                                                        **PLAINTIFF,**
**and as the Administrator of the
Estate of MARK S. SAWAF, Deceased**

**v.**        **Defendants', Lexington Fayette Urban County Government, Matt
Greathouse, Individually and Clayton Roberts, Individually,
Reply to Plaintiff's Response to Defendants' Motion to Dismiss
pursuant to Fed. R. Civ. P 12(b)(1), 12(b)(6) and/or 12(c)**

**LEXINGTON-FAYETTE URBAN**                                  **DEFENDANTS.**
**COUNTY GOVERNMENT,
BRAD DOBRZYNSKI, Individually,
MATT GREATHOUSE, Individually,
CLAYTON ROBERTS, Individually; and
UNKNOWN DEFENDANTS**

***** ***** *****

      Come the Defendants, the Lexington Fayette Urban County Government (hereinafter "LFUCG"), Matt Greathouse, individually and Clayton Roberts, individually, and for their Reply to Plaintiff's Response to Defendants' Motion to Dismiss, state as follows:

      Defendants filed a Motion to Dismiss Plaintiff's Complaint because he failed to assert sufficient "facts" to support his allegations against them. In response, Plaintiff does not offer the missing "facts" necessary to establish a legal basis for any of his claims against the Defendants. Instead he argues that he should be permitted to conduct discovery to find those missing "facts".

      Although Defendants never argued that Plaintiff's Constitutional claims were pre-empted by the Federal Tort Claims Act, Plaintiff cites 28 U.S. C. §2679, for the proposition that the Federal Tort Claims Act does not extend to civil actions against government employees brought for violations of the U.S. Constitution or U.S. Statutes. Since Defendants never argued

Plaintiff's 42 USC §1983 claims were pre-empted by the Federal Tort Claims Act, Plaintiff's argument misses the point.

These Defendants adopt by reference the arguments Defendant Dobrzynski makes in his Reply to Plaintiff's Response regarding Plaintiff's other arguments that his state law claims are not pre-empted by the Federal Tort Claims Act, as if fully set out herein. Since Plaintiff's Complaint only alleges that Defendants were involved with his son as part of a federal task force, not as independent contractors of the ATF, he has failed to allege sufficient facts to avoid pre-emption of his state law claims.

Plaintiff's Complaint seeks redress pursuant to 42 USC §1983 for Constitutional violations which he claims were perpetrated under color of state law against his son. However, his Complaint alleges that Defendants Greathouse and Roberts, LFUCG police officers, were involved with his son on the day he was shot, as part of a federal task force. He has not plead any facts which establish that Defendants were acting under color of state law, as opposed to federal law, at the time his son was shot. Although he refers to Mark Sawaf as "Defendants' prisoner", his Complaint fails to allege any facts that he was in the custody of Greathouse or Roberts or any other officer employed by the LFUCG at the time Mark was shot.

Plaintiff attempts to distinguish case law cited by the Defendants to establish that he cannot pursue Constitutional claims premised on alleged violations of Mark Sawaf's Fourth, Fifth, Eighth, and Fourteenth rights without alleging sufficient fact to establish his status at the time he was shot, by citing other language from those opinions that is not germane to the reason Defendants cited those cases. He has failed to address how Defendants can be liable, pursuant to 42 USC §1983, for violating his son's Constitutional rights when he never established that his son was in there custody or under their control pursuant to state law. The mere allegation that

Defendants Greathouse and Roberts were with his son at the time he was shot and had guns in their possession, does not establish that they exercised the requisite authority over Mark Sawaf to support Plaintiff's 42 USC §1983 claims.

In their Motion to Dismiss, Defendants established that as a matter of law, the LFUCG cannot be liable for state law tort claims because they are immune from suit on the basis of sovereign immunity. Plaintiff never addresses this argument. Since the LFUCG cannot be liable in tort for violations of state law, even if those claims are not pre-empted by the Federal Tort Claims Act, they should be DISMISSED on the basis of sovereign immunity.

In response to Defendants' argument that Ky. does not recognize Plaintiff's loss of consortium claim premised on the death of his adult son, Plaintiff cites language which he claims is from the case of *In re Air Crash at Lexington, Ky.*, but that language does not exist. [1] He fails to distinguish KRS 411.135 which only provides a cause of action to parents for the loss of their minor child. Even if Plaintiff's loss of consortium claim is not pre-empted by the Federal Tort Claims Act, it is not viable under Kentucky law and should be DISMISSED.

A Motion to dismiss for failure to state a claim is properly granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. [2] Because it is beyond doubt that the Plaintiff cannot prove the claims he has asserted against these Defendants and/or that the allegations in his Complaint are insufficient as a matter of law to support those claims, Defendants Roberts, Greathouse and the LFUCG respectfully request this Court to DISMISS Plaintiff's Complaint in its entirety

---

[1] 556 F. Supp. 2d 665 ( Eastern District of Ky. 20008)
[2] *Bryode v. Gotham Tower, Inc*. 13 F. 3d 994, 996-997 (6th Cir.1994)

3

Respectfully submitted,

**KRIZ, JENKINS, PREWITT & JONES, P.S.C.**
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, KY 40588
Telephone: (859) 255-6885, Ext. 114
Facsimile: 859-253-9709
Email: bkriz@kjpjlaw.com

/s/Barbara A. Kriz
**BARBARA A. KRIZ**
*Counsel for Defendants, LFUCG,*
*Matt Greathouse and Clayton Roberts*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served on the **2nd** day of **February, 2018**, using the CM/ECF system, to counsel of record named below:

Douglas E. Asher, II
Asher Law Office
P.O. Box 1466
Harlan, KY 40831
asherlaw39@yahoo.com
*Counsel for Plaintiff*

Charles D. Cole
L. Scott Miller
Sturgill Turner, Barker & Moloney, PLLC
333 West Vine Street, Ste. 1500
Lexington, Kentucky 40507
ccole@sturgillturner.com
smiller@sturgillturner.com
*Counsel for Defendant, Brad Dobrzynski*

/s/Barbara A. Kriz
BARBARA A. KRIZ
*Counsel for Defendants, LFUCG,*
*Matt Greathouse and Clayton Roberts*