UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
NO. 5:17-CV-00405-JMH

*-Electronically Filed-*

| | |
|---|---|
| ALI SAWAF, Individually, and as the Administrator of the Estate of MARK S. SAWAF, Deceased | ) ) ) |
| Plaintiff | ) |
| v. | ) ) |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT; BRAD DOBRZYNSKI; MATT GREATHOUSE; CLAYTON ROBERTS; and UNKNOWN EMPLOYEES of the LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT DIVISION of POLICE and FIRE DEPARTMENT/PUBLIC SAFETY | ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

---

**DEFENDANT DOBRZYNSKI'S REPLY
TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
RULE 12(b)(1) and/or (6) MOTION TO DISMISS**

---

COMES NOW Defendant Captain Brad Dobrzynski, by counsel, and for his Reply to Plaintiff's Response (D.E. 17) to Defendant's Motion to Dismiss (D.E. 10) states as follows:

**INTRODUCTION**

The Complaint makes clear that Captain Dobrzynski and other Defendants were acting under their authority as an employee of the Lexington Fayette Urban County Government assisting the ATF as part of a Federal Task Force. The Complaint, standing alone, warrants Captain Dobrzynski and the other Defendants to be considered a federal employee acting under

the color of federal law. As such, the requirements of the Federal Tort Claims Act and the criteria of a 1983 cause of action have not been met and therefore, the motion to dismiss should be granted as to all claims. The administrator of the Sawaf estate filed this lawsuit against Captain Dobrzynski for violation of Federal Constitutional violations as well as a number of Kentucky state common law claims. Plaintiff's response fails to address the state law claims and therefore all state law claims should be dismissed. Plaintiff's response as it relates to the second argument is not persuasive as the Complaint makes clear Captain Dobrzynski and the other Defendants were acting as part of a Federal Task Force.

## ARGUMENT

**I.  Plaintiff fails to address the state law claims and dismissal of all Kentucky common law tort claims against Captain Dobrzynski is appropriate based on the FTCA exclusive remedy and for failure to exhaust administrative remedies.**

Plaintiff's Complaint itself concedes that Captain Dobrzynski and other Defendants were acting as part of a Federal Task Force with the ATF. The Plaintiff's only arguments in response to Defendant's motion to dismiss the state law claims relate to the statute allowing for suits regarding a violation of the Constitution, his choice not to seek redress against the Federal Government, and the fact that "contractors" are not included as part of the statute (*See* D.E. 17, p.3). These arguments are not binding and the state law claims should be dismissed.

As to the Plaintiff's first argument he alleges that the statute doesn't apply to Constitutional violations pursuant to 28 U.S.C. § 2679(b)(1)[1]. Defendant agrees and therefore only requested the *state law claims* be dismissed pursuant to the Federal Tort Claims Act exclusive remedy. Based on the Complaint itself, the events at issue here, including the actions of Captain Dobrzynski, occurred while on "special detail" to and as "part of" a federal ATF "task

---

[1] The Plaintiff quotes 28 U.S. Code §2679(a)(1) and (2), but the statute actually referenced would by 28 U.S. Code 2679(b)(1) and (2). It appears section (a) is not relevant to this argument.

2

force." *See* DE 1, ¶¶ 17-22. Given Plaintiff's allegations, Captain Dobrzynski qualifies as a federal employee for FTCA purposes despite his employment with LFUCG. The FTCA defines "employee of the government" to include "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. State and local government employees may be "assigned to a Federal agency[.]" 5 U.S.C. § 3374(a). "During the period of assignment, a State or local government employee on detail to a Federal agency ... is deemed an employee of the agency for the purpose of ... the Federal Tort Claims Act and any other Federal tort liability statute[.]" *Id.* § 3374(c).

For "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government," the "remedy against the United States" provided by the FTCA is "exclusive." *See* 28 U.S.C. § 2679(b)(1); *see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990)("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). When the FTCA and its exclusive remedy applies, suit against the federal actor (as opposed to the United States) fails for lack of jurisdiction, which is subject to dismissal under Rule 12(b)(1). *See Allgeier*, 909 F.2d at 871 ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."); *Galvin*, 860 F.2d at 183 ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").

The Plaintiff's only response to the exhaustion argument by Captain Dobrzynski is that the "Plaintiff is not seeking redress against the Federal Government…". However, that is the exact point of the exhaustion argument. He is required to seek redress with the Federal Government to exhaust his remedy. The FTCA also has an administrative exhaustion requirement. *See* 28 U.S.C. § 2675. Failure to satisfy FTCA administrative exhaustion likewise deprives this Court of jurisdiction and is subject to Rule 12(b)(1) dismissal. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002)(explaining how jurisdiction is lacking where FTCA administrative remedies have not been exhausted); *Bangas v. Potter*, 145 F. App'x 139, 142 (6th Cir. 2005)(same). The burden is on Plaintiff, moreover, to plead and establish that this Court has jurisdiction over the action. *See* Fed. R. Civ. P. 8(a)(1). However, the jurisdictional allegations within Plaintiff's Complaint are deficient because FTCA administrative exhaustion has not been pled. *See, e.g., Slate v. District of Columbia*, 79 F. Supp. 3d 225, 233 (D.D.C. 2015)(explaining how "plaintiff must plead grounds for the Court's jurisdiction, *see* Fed.R.Civ.P. 8(a)(1), and thus in an FTCA case a plaintiff must plead administrative exhaustion").

These arguments are dispositive that Captain Dobrzynski was "acting within the scope of his office or employment" to come within the Section 2679(b)(1) exclusive remedy protection. If the scope of employment requirement is at issue, the employee can request certification from the Attorney General. *See* 28 U.S.C. § 2679(d). Certification is unnecessary in this case, however, because Plaintiff's Complaint alleges and does not dispute that Defendants, including Captain Dobrzynski, were acting within the scope of their employment. If the scope of employment has been pleaded, lack of subject matter jurisdiction is sufficiently "evident" to grant dismissal without certification. *See Webb v. Smith*, 632 F. App'x 957, 960 (10th Cir. 2015)("Mr. Webb also argues that the Attorney General never certified that the defendants were acting in the scope

of their employment. But Mr. Webb pleaded that all defendants were federal employees …. As a result, the absence of subject-matter jurisdiction was evident from the complaint, with or without certification by the Attorney General."). Similar to *Webb*, the Complaint here is clear that Captain Dobrzynski was acting within his capacity and authority as an employee of LFUCG and as part of an ATF Task Force, (See D.E. 1 Par. 11 and Par. 17-22).

The final argument made by Plaintiff on this point is that the FTCA does not apply to "contractors." The Complaint makes no claim that Captain Dobrzynski was acting as a "contractor" but states this incident occurred while on "special detail" to and as "part of" a federal ATF "task force," *See* DE 1, ¶¶ 17-22. The FTCA makes clear that officers participating as part of a Federal Task Force are considered federal agents. The FTCA defines "employee of the government" to include "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. State and local government employees may be "assigned to a Federal agency[.]" 5 U.S.C. § 3374(a). "During the period of assignment, a State or local government employee on detail to a Federal agency ... is deemed an employee of the agency for the purpose of ... the Federal Tort Claims Act and any other Federal tort liability statute[.]" *Id.* § 3374(c).

Based on the law and precedent above, dismissal of all Kentucky common law torts asserted against Captain Dobrzynski should be granted under the FTCA Section 2679(b)(1) exclusive remedy. To the extent that remedy against the United States may be pursued under the FTCA, dismissal is appropriate due to Plaintiff's failure to plead and establish exhaustion of administrative remedies as required by 28 U.S.C. § 2675(a). Plaintiff's other claims against Captain Dobrzynski for alleged federal constitutional violations come within an exception to the

FTCA exclusive remedy. *See* 28 U.S.C. § 2675(b)(2)(A). Those federal constitutional claims, however, are subject to dismissal based on an alternative, independent ground, which is further discussed in the next argument section.

II. **Dismissal of any claims against Captain Dobrzynski for alleged federal constitutional violations is appropriate because Plaintiffs purport to invoke 42 U.S.C. § 1983 to hold him liable, which only applies to persons acting under color of *state law* and is accordingly inapplicable to Captain Dobrzynski who was acting in the capacity of a federal official in this case.**

Although Plaintiff invokes Section 1983 for alleged Constitutional violations under the color of *state law* requirement, it does not extend to actions taken by federal officials, who are more accurately acting under color of federal authority. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006). Relief against federal officers for federal constitutional violations can only be pursued through an implied right of action as recognized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's Complaint, however, improperly invokes Section 1983 and is not in the nature of a *Bivens* action. The distinction also has significance. For example, Section 1988 authorizes the recovery of attorneys' fees for successful Section 1983 claims, which Plaintiff's Complaint seeks to recover. Yet Section 1988 does not authorize attorneys' fee awards for *Bivens* actions. *See Hall v. United States*, 773 F.2d 703, 707 (6th Cir. 1985)("Section 1988 does not provide for awards of attorney fees in *Bivens* actions.").

Plaintiff seems to rely upon insignia of a uniform to make the determination that a Lexington officer in Harlan County is acting under color of state law. This argument is not persuasive. As mentioned previously, local officers assigned to Federal task forces are deemed federal officers and thus acting under federal law. Otherwise the City of Lexington Police/Fire Departments would have no jurisdiction in Harlan County but for operating as part of the ATF

Task Force. (*See* Kentucky Revised Statute 95.019, allowing urban county government police jurisdiction "anywhere in the county in which the urban county government or city is located"). Therefore, the LFUCG police and Captain Dobrzynski would only have jurisdiction in Fayette County. The Complaint makes clear they were acting as part of a Federal Task Force and therefore the insignia on their clothing is not determinative or persuasive.

Plaintiff's Response seems to rely upon "rogue behavior" as a means to suggest that Captain Dobrzynski was acting outside the scope of his duties. However, he cites no case law to support this proposition and has already previously alleged that Captain Dobrzynski was acting as a Lexington Fayette Urban County Government employee assisting the ATF as part of a Federal Task Force. (*See* D.E. 1).

Plaintiff's additional arguments seem to be based upon his employment with Lexington Fayette Urban County Government, which is not determinative. As discussed above, local officers assigned to Federal Task Forces are deemed federal officers for purposes of the FTCA and therefore cannot be acting under color of state law.

For these reasons, Plaintiff's attempt to invoke Section 1983 to hold Captain Dobrzynski liable for alleged federal constitutional violations should be dismissed as improper and this Court has no obligation to salvage Plaintiff's lawsuit by converting or recharacterizing those claims. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

## **CONCLUSION**

Plaintiff's response does not alter the fact that the Defendants should all be dismissed based upon the Complaint's factual allegation that they were participating in a federal task force as part of their duties and authority.

For the reasons set forth above as well as the reasoning relied upon in the Motion to Dismiss filed by Defendants LFUCG, Roberts, and Greathouse, the Plaintiff's claims should be dismissed.

Respectfully submitted,

STURGILL, TURNER, BARKER
& MOLONEY, PLLC

/s/ L. Scott Miller
CHARLES D. COLE
L. SCOTT MILLER
333 West Vine Street, Suite 1500
Lexington, KY 40507
(859) 255-8581
ccole@sturgillturner.com
smiller@sturgillturner.com
ATTORNEYS FOR DEFENDANT,
BRAD DOBRZYNSKI

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and served on counsel of record via the CM/ECF system.

/s/ L. Scott Miller
ATTORNEY FOR DEFENDANT,
BRAD DOBRZYNSKI

x:\wdox\clients\65712\0001\pleading\00926301.docx